IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Derrick Antron Young, ) | |
| ) | Civil Action No. 6:16-2453-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Christopher Posey, ) | |
| ) | |
| Defendant. ) | |

Plaintiff Derrick Antron Young ("Plaintiff"), a state prisoner proceeding pro se and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Plaintiff's action be dismissed without prejudice. (ECF No. 17). Plaintiff was advised of his right to file objections to the Report. (ECF No. 17 at 4), and he filed timely objections. (ECF No. 22). Plaintiff also filed a motion to amend his complaint and a proposed amended complaint. (ECF Nos. 21 and 24).

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that

1

do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Christopher Posey ("Posey"), retained by Plaintiff, represented Plaintiff in a criminal action. Plaintiff's original complaint alleged that Posey violated Plaintiff's Fourteenth Amendment rights by giving false testimony at a post-conviction relief ("PCR") hearing. Plaintiff alleges that Posey denied knowledge of alleged video or audio recordings related to the underlying claim. (ECF No. 1 at 3). The magistrate judge determined that this action is subject to summary dismissal on the basis of witness immunity. *See Mathis v. Goldberg*, 538 F. App'x 310, 211 (4th Cir. 2013) ("[W]itnesses are absolutely immune from damages for their testimony given in legal proceedings." (citing *Briscoe v. LaHue*, 460 U.S. 325, 335–36 (1983))). Plaintiff objects to the magistrate judge's recommendation in his Report asserting that, pursuant to *Tower v. Glover*, 467 U.S. 914 (1984), Posey is liable under § 1983 for intentional misconduct.

Ordinarily, a retained attorney, such as Posey in the present action, does not act under color of state law when performing traditional functions as counsel. *See Deas v. Potts,* 547 F.2d 800 (4th Cir. 1976). *See also Fleming v. Asbill,* 42 F.3d 886, 890 (4th Cir. 1994) ("Private lawyers do not act 'under color of state law' merely by making use of the state's court system"); *Hansen v. Ahlgrimm,* 520 F.2d 768, 770 (7th Cir. 1975) ("It is established that a private attorney, while participating in the trial of private state court action, is not acting under color of state law").

However, in *Tower*, the Supreme Court concluded that a private attorney does act under color of state law within the meaning of § 1983 when engaged in a conspiracy *with state officials*

2

to deprive the defendant of federal rights. 467 U.S. at 919–20. In order to establish a civil conspiracy under § 1983, Plaintiff must allege sufficient factual allegations that would "reasonably lead to the inference" that the co-conspirators "positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan" to deprive Plaintiff of a constitutional right. *Ruttenberg v. Jones*, 283 F. App'x 121, 132 (4th Cir. 2008); *Hinkle v. City of Clarksburg,* 81 F.3d 416, 421 (4th Cir. 1996); *see also Dennis v. Sparks,* 449 U.S. 24, 27 (1980) (A defendant may be acting under color of state law if he is "a willful participant in joint action with the state or its agents.").

In his original complaint, Plaintiff failed to sufficiently allege a conspiracy claim involving his attorney. Plaintiff alleged no factual basis to support that Posey engaged in joint action with any state or governmental employee or entity. Rather, he asserted in vague and conclusory fashion that Posey conspired with the Attorney General's office and possibly the PCR judge to suppress the alleged video evidence. (ECF No. 1 at 5). The "naked assertion of a conspiracy . . . without supporting operative facts establishing an agreement between the defense attorney and the prosecutor or some other state actor, and a common plan to put the agreement into effect, is insufficient to implicate § 1983." *Bishop v. Richardson,* 852 F.2d 565, at *1 (4th Cir. 1988) (unpublished table opinion) (quoting *Phillips v. Mashburn,* 746 F.2d 782, 785 (11th Cir. 1984) (internal quotation marks omitted)); *see also Albrecht v. Hamilton*, No. 06-4313, 2007 WL 1217955 (3d Cir. Apr. 26, 2007) (dismissing a similar conspiracy claim). Plaintiff failed to assert sufficient factual allegations to state a plausible claim that Posey acted under color of state law by conspiring with the Attorney General's office or the PCR judge to deprive Plaintiff of his federal rights prior to or during the PCR process.

After Plaintiff filed his objections, he filed a motion to amend his complaint (ECF No. 21) and a proposed amended complaint asserting additional facts and claims (ECF No. 24). A motion to amend a pleading is governed by Federal Rule of Civil Procedure 15(a). Plaintiff is allowed to amend his Complaint once as a matter of right pursuant to Rule 15(a)(1)(B). Rule 15(a)(1)(B) provides that "[a] party may amend its pleading once as a matter of course within . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1)(B). No responsive pleading has been filed in this case. Accordingly, Plaintiff's Motion to Amend is allowed as a matter of course.

Having granted Plaintiff's Motion to Amend, the court must conduct a frivolity review of Plaintiff's amended complaint. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a). Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer, and "shall dismiss" any action that is "frivolous or malicious" or that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b). Upon review, the court finds that Plaintiff's complaint, as amended, should be dismissed pursuant to § 1915(e)(2).

A district court's review of a case for factual frivolousness under § 1915 is guided by the Supreme Court's decision in *Denton v. Hernandez,* 504 U.S. 25, 32 (1992). When a plaintiff proceeds *in forma pauperis,* § 1915 "gives courts the authority to pierce the veil of the complaint's factual allegations[,] mean[ing] that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Id.* (internal quotation marks omitted). The "initial assessment of the *in forma pauperis* plaintiff's factual allegations must be weighted in favor of the plaintiff," *id.,* and "[a]n *in forma pauperis* complaint may not be dismissed . . . simply because the court finds the

plaintiff's allegations unlikely." *Id.* at 33. However, the district court is entrusted with the discretion to dismiss the case for factual frivolousness "when the facts alleged rise to the level of the irrational or the wholly incredible." *Id.* "[A] court may dismiss a claim as factually frivolous only when the claim alleges facts that are 'clearly baseless', a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.' " *Id.* at 32–33 (citations omitted) (quoting *Neitzke v. Williams,* 490 U.S. 319, 325, 328 (1989)).

In his amended complaint, Plaintiff reasserts a § 1983 conspiracy claim pursuant to *Tower,* 467 U.S. 914, with additional factual allegations and adds claims pursuant to 42 U.S.C. § 1985(3), and, under supplemental jurisdiction, he alleges claims for legal malpractice, perjury, and violation of S.C. Code Ann. § 15-3-530(5). (ECF No. 24 at 1, 7). Plaintiff alleges that Posey's alleged false testimony at the PCR hearing constitutes an act in furtherance of a conspiracy with the South Carolina Attorney General's office to deprive Plaintiff of his constitutional rights. (ECF No. 24 at 2, 4).

Insofar as Plaintiff asserts that Posey is liable for his testimony at the PCR hearing, dismissal is warranted based on witness immunity. *See Mathis v. Goldberg*, 538 F. App'x 310, 211 (4th Cir. 2013) ("[W]itnesses are absolutely immune from damages for their testimony given in legal proceedings." (citing *Briscoe*, 460 U.S. at 335–36 (1983))); *see also Green v. George*, C.A. No. 4:08-3501-TLW, 2009 WL 237521, at *2 (D.S.C. Jan. 29, 2009) (citing *Hunt v. Bennett*, 17 F.3d 1263, 1267–68 (10th Cir. 1994) (holding prosecutor and police officer witness absolutely immune from claim of conspiracy to present false testimony)). In *Briscoe*, the Supreme Court held that the immunity of a witness sued under § 1983 is even broader than traditional witness immunity: "In such a case, a trial witness has absolute immunity with respect to *any* claim based on the witness' testimony. When a witness is sued because of his testimony .

5

. . . , 'the claims of the individual must yield to the dictates of public policy.'" *Rehberg v. Paulk*, 566 U.S. 356 (2012) (quoting *Briscoe*, 460 U.S. at 332–33). The magistrate judge addressed Posey's immunity as a witness in his Report in regard to Plaintiff's original complaint, and the court agrees with the magistrate judge's analysis and finds it applicable to his amended complaint. Plaintiff's amended complaint still alleges damages based upon Posey's testimony as a witness. Accordingly, Plaintiff has not alleged anything in his amended complaint that would cause the court to alter its analysis. Thus, Plaintiff's claim is subject to dismissal on the basis of witness immunity.

Moreover, substantively, Plaintiff's argument regarding the existence and perpetuation of a conspiracy is conclusory and the amended complaint contains insufficient factual support for this cause of action. Furthermore, the attachments to Plaintiff's amended complaint also fail to support the existence of the alleged video evidence, the falsity of Posey's testimony, or the existence of a conspiracy to hide video or audio evidence.[1] For example, Plaintiff's allegation that Posey testified falsely about video evidence relates to a May 20, 2011 arrest (ECF Nos. 1 and 24-1 at 7), however, any evidence supporting the existence of video or audio evidence in Plaintiff's attachments relates to separate incidents from different dates (ECF No. 24-1 at 27, 28, and 31). Further, the attached discovery response letter from the solicitor in the original state court litigation fails to support his claim. (ECF Nos. 24 at 6 and 24-1 at 29–30). Thus, Plaintiff fails to assert a cognizable claim of conspiracy pursuant to § 1983, *see Bishop,* 852 F.2d 565, at *1 (unpublished table opinion) ("naked assertion of a conspiracy . . . without supporting

---

[1] Plaintiff's attachments consist largely of documents from Plaintiff's PCR action record. *Young v. South Carolina*, C.A. No. 2013-CP-23-4575. The court notes that Plaintiff filed a habeas petition in this court on August 15, 2016, which is currently pending. *Young v. Warden of Evan Corr. Inst.*, C.A. No. 6:16-2849-TMC. The state court documents, including the PCR record, were filed as an appendix to the respondent's Return in Plaintiff's pending habeas case. (C.A. No. 6:16-2849-TMC, ECF Nos. 12-1 to 12-13).

operative facts establishing an agreement between the defense attorney and the prosecutor or some other state actor, and a common plan to put the agreement into effect, is insufficient to implicate § 1983." (quoting *Phillips,* 746 F.2d at 785 (internal quotation marks omitted)), or § 1985(3), *see Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir. 1995) (conclusory allegations of a conspiracy are insufficient to support a § 1985(3) claim).

Finally, liberally construing Plaintiff's amended complaint, he may be alleging a claim of legal malpractice against Posey. However, the law is well settled that negligence is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335–36 n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986); Pink v. Lester, 52 F.3d 73 (4th Cir. 1995) (noting that *Daniels* bars an action under § 1983 for negligent conduct). While Plaintiff's legal malpractice claim would be actionable in state court, the federal claims in this case are recommended for summary dismissal. Therefore, the court declines to exercise supplemental jurisdiction over the state law causes of action raised in the complaint. *See* 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1996); *Tigrett v. Rector and Visitors of the Univ. of Va.*, 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case).

The court has thoroughly reviewed the Report of the magistrate judge and the filings in this case. For the reasons set forth above and by the magistrate judge, the court overrules Plaintiff's objection and hereby adopts the Report (ECF No. 17) and incorporates it herein. Further, Plaintiff's motion to amend his complaint (ECF Nos. 21 and 24) is hereby **GRANTED**; however, based on the foregoing, Plaintiff's complaint, as amended, is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
September 13, 2017

## NOTICE OF RIGHT TO APPEAL

      The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.